KEB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Daniel Quinatoa Guachamin,<br><br>Petitioner,<br><br>v.<br><br>Warden of the Elizabeth Contract Detention Facility,<br><br>Respondent. | No.    CV-26-02854-PHX-SHD (DMF)<br><br><br>**ORDER** |

On March 17, 2026, Petitioner, through counsel, filed this action in the United States District Court for the Eastern District of New York, challenging his immigration detention under 28 U.S.C. § 2241. On April 6, 2026, the Eastern District of New York transferred the case to the United States District Court for the District of New Jersey. On April 9, 2026, Petitioner filed an Amended Petition[1] with the District of New Jersey. (Doc. 12.) On the same date, Counsel for Petitioner informed the District of New Jersey that Petitioner had been transferred to the Florence Service Processing Center in Arizona.[2] (Doc. 13 at

---

[1] The Amended Petition supersedes the original Petition in its entirety. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990).

[2] Accordingly, the Court will substitute Luis Rosa, Jr., as Respondent for Warden of the Elizabeth Contract Detention Facility. *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) ("[H]abeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." ).

TERMPSREF

1.) On April 24, 2026, The District of New Jersey transferred the action to this Court. (Doc. 20.) The Court will require Respondent to answer the Amended Petition.

## I.     Amended Petition

In the Amended Petition, Petitioner states he was detained by Immigration and Customs Enforcement on March 10, 2026, following an asylum interview. On March 23, 2026, Petitioner filed a motion for a bond hearing. On March 26, 2026, a bond hearing was held, in which the immigration judge determined (1) that the court lacked jurisdiction to grant bond pursuant to *Matter of Yajure-Hurtado*, and (2) Petitioner had not met the burden to establish he was not a flight risk or danger.

Petitioner contends his detention without a constitutionally adequate bond hearing violates his right to due process under the Fifth Amendment. He also claims that he has not been afforded a meaningful opportunity to challenge his detention and that "procedural delays—including court transfer delays—have exacerbated constitutional violations" against him. Petitioner asks the Court to direct Respondent to immediately release from custody, or in the alternative, provide him with a prompt, constitutionally adequate bond hearing.

The Court will require Respondent to answer the Petition. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

## II.     Warnings

### A.     Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

. . . .

TERMPSREF

**B.    Copies**

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

**IT IS ORDERED:**

(1)    The Clerk of Court must **substitute** Luis Rosa, Jr., Warden of the Florence Service Processing Center, as Respondent for Warden of the Elizabeth Contract Detention Facility.

(2)    The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order on the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(4)    Respondent must answer the Petition within **20 days** of the date of service.  Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(5)    Regarding courtesy copies of documents for chambers, Respondent is directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing,

TERMPSREF

referencing the specific document number, shall be printed directly from CM/ECF." CM/ECF Admin. Man. § II(D)(3) (emphasis added).  *See* http://www.azd.uscourts.gov / sites/default/files/documents/adm%20manual.pdf.

(6)    Petitioner may file a reply within **10 days** from the date of service of the answer.

(7)    This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 24th day of April, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 4 -

TERMPSREF